UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LANCE GERALD MILLIMAN,<br><br>   Petitioner,<br>v.<br><br>STATE OF MINNESOTA, and<br>COUNTY OF STEARNS,<br><br>   Respondents. | Civil No. 12-1789 (RHK/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

On April 10, 2012, Petitioner was convicted and sentenced in the state district court for Stearns County, Minnesota, for a single count of "issuance of dishonored check." (Petition, [Docket No. 1], p. 1, § I.) His conviction was entered after he pled guilty pursuant to a plea agreement. Petitioner was sentenced to 25 days in the Stearns County Jail, but his sentence was stayed subject to the following conditions: (1) he must pay restitution, (2) he must pay a fine of $150, plus court costs, and (3) he must not incur any similar

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

convictions for a period of one year. (Id.) It is unclear whether Petitioner has complied with all of those conditions, but nothing in his submissions suggests that he has served (or expects to serve) any time in jail as a result of his conviction.[2]

Petitioner has expressly stated that he did not file a direct appeal after judgment was entered in his Stearns County criminal case. (Id.) However, he is now seeking federal habeas corpus review of his conviction and sentence. His current self-styled habeas petition lists three grounds for relief:

(1) "[t]he state trial court lacked both subject matter jurisdiction and jurisdiction over the petitioner;"

(2) the conviction resulted from the application of two Minnesota statutes, 604.113 and 609.535, that allegedly authorize law enforcement authorities to conduct searches and seizures in violation of the Fourth Amendment; and

(3) the guilty plea was not supported by sufficient facts, because there were no facts showing intent to commit the offense.

(Id., p. 1, § II.)

Because Petitioner did not file a timely direct appeal in the state courts, none of his present habeas corpus claims can properly be addressed on the merits here. The Court will therefore recommend that this case be summarily dismissed.

---

[2] The apparent absence of any term of confinement in this case suggests that Petitioner might not satisfy the "in custody" requirement of 28 U.S.C. § 2254(a). See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (federal law requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). However, the Court will assume, for present purposes only, that Petitioner can satisfy the "in custody" requirement because of the possibility that he will spend 25 days in jail if he violates any of the conditions of his stayed sentence.

## II. DISCUSSION

It is well established that a federal court cannot entertain a petition for a writ of habeas corpus on behalf of a state detainee unless he has first exhausted all available state court remedies for all of his claims.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state detainees.  O'Sullivan, 526 U.S. at 842; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19.

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845.  In other words, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court.  Id. at 847.  Thus, in Minnesota, a habeas petitioner must present his claims to the Minnesota Supreme Court before they can be entertained in federal court.  See Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)").

When a habeas petitioner has not exhausted his state court remedies for some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted.

Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997).  A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim.  Coleman, 501 U.S. at 750.

The rules governing procedural default have been summarized by the Supreme Court as follows:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

Id.

The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995).  In other words, a petitioner cannot simply point to errors that allegedly occurred during the course of his state court proceedings; he must instead offer some new evidence which affirmatively demonstrates that he is, in fact, innocent of the offense for which he was convicted.

In this case, none of Petitioner's current habeas corpus claims has been fairly presented to the Minnesota Supreme Court, because Petitioner did not file a direct appeal.

Furthermore, the deadline for filing a direct appeal has expired, so Petitioner is now barred from asking the Minnesota state appellate courts to review the claims presented in his current habeas corpus petition.[3] Because Petitioner did not file a direct appeal in a timely manner, his current federal habeas corpus claims have been procedurally defaulted. O'Sullivan, 526 U.S. at 848 (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims).

The only remaining issue to consider is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default. In order to satisfy the "cause" requirement, a prisoner must show that some external impediment prevented him from presenting his claims to the state's highest court in a timely and procedurally proper manner. Coleman, 501 U.S. at 753 ("'cause' under the cause and prejudice test is something external to the petitioner, something that cannot fairly be attributed to him... [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable'"), (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis in the original).

Petitioner seems to be contending that his procedural default should be excused, because it would have been futile to present his current claims for relief to the Minnesota appellate courts in a direct appeal. According to Petitioner, "[p]roceedings in the state court are straight out of the Keystone Kops and are becoming one big joke." (Petition, p. 3.) He

---

[3] It appears that Petitioner was convicted of a misdemeanor, and the deadline for filing an appeal therefore expired ten days after judgment was entered. Minn. R. Crim. P. 28.02, subd. 4(3)(b). However, even if Petitioner was convicted of a felony or gross misdemeanor, it is still too late for him to file a direct appeal. The deadline for filing an appeal in such cases expires 90 days after judgment is entered, (Minn. R. Crim. P. 28.02, subd. 4(3)(a)), and the judgment at issue here was entered more than 90 days ago.

contends that it would serve no useful purpose to raise federal constitutional claims in the state courts, because "they do not even protect state constitutional rights so why should they care?" (Id.) This argument must be rejected.

> "It has been settled for nearly a century [now well over a century] that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts.... The exhaustion requirement, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), [footnote omitted] serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights...."

Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam) (citations omitted). The exhaustion of state court remedies requirement has a long and consistent history of stringent enforcement. The relationship between the state and federal judicial systems in this country is based largely on the understanding that "State courts are 'equally bound to guard and protect rights secured by the Constitution.'" Id. at 3-4, quoting Ex parte Royall, 117 U.S. 241, 251 (1886). "State courts are duty bound to give full effect to federal constitutional rights and it cannot be assumed that they will be derelict in their duty." Wade v. Mayo, 334 U.S. 672, 679 (1948). An exception to the exhaustion of state court remedies requirement will be made "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth, 454 U.S. at 3.

Petitioner has not shown that there is no effective state court remedy available to him, nor has he shown that the state courts are incapable of resolving his claims as quickly and correctly as the federal courts. His complaints about the Minnesota court system are vague, crude, and unsubstantiated, (as well as disrespectful).

Petitioner has cited three specific cases that were previously decided against him: Milliman v. State of Minnesota, 774 F.2d 247 (8th Cir. 1985); Milliman v. County of Stearns, Civil No. 05-2993 (JRT/RLE) (D.Minn.), and Milliman v. Lindemoen, Civil No. 01-1563 (RHK/RLE) (D. Minn.).[4] It is readily apparent, however, that none of the three cases cited by Petitioner provides any support for his disparaging commentary on the competency and integrity of the Minnesota state court system, because (ironically) all three of those cases were decided by federal courts, not state courts.

Even if the state courts wrongly rejected other claims that Petitioner has presented in the past, (which this Court has no reason to believe actually occurred), it would not follow that Petitioner should now be forever excused from the exhaustion of state court remedies requirement. Regardless of how Petitioner has fared in past state court proceedings, he has not presented any acceptable excuse for not giving the state courts the first opportunity to consider his current challenges to his guilty plea.

In sum, the Court finds that Petitioner has not demonstrated adequate cause for failing to exhaust his state court remedies for his current habeas corpus claims. Therefore, Petitioner cannot be excused from his procedural default based on the "cause and prejudice" exception.[5] The "actual innocence" exception is also plainly unavailable here.

---

[4] In the third case, Civil No. 01-1563 (RHK/RLE), the Eighth Circuit Court of Appeals vacated an initial order dismissing Petitioner's lawsuit, (Milliman v. Lindemoen, 30 Fed.Appx. 669 (8th Cir. 2002) (unpublished opinion)), but ultimately upheld the final order of dismissal, (Milliman v. Lindemoen, 270 Fed.Appx. 466 (8th Cir. 2008) (unpublished opinion)).

[5] Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to separately consider the prejudice component. Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual

Petitioner has not presented any <u>new and previously undiscoverable evidence</u> that proves he is, in fact, wholly innocent of the crime to which he pled guilty. Therefore, Petitioner cannot overcome his procedural default by way of the actual innocence exception.

Because Petitioner's procedural default cannot be excused based on either cause and prejudice, or new proof of actual innocence, the Court concludes that none of Petitioner's current habeas corpus claims can be entertained in federal court. The Court will recommend that this case be summarily dismissed, with prejudice, because all of Petitioner's claims have been procedurally defaulted.

## III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. Daniel</u>, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that

---

prejudice"); <u>Sweet v. Delo</u>, 125 F.3d 1144, 1151 (8th Cir. 1997), <u>cert</u>. <u>denied</u>, 523 U.S. 1010 (1998) (same).

warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: August _7_, 2012

> s/ *Franklin L. Noel*
> FRANKLIN L. NOEL
> United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 21, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.